IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| DISABILITY REINSURANCE MANAGEMENT SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:06-CV-21 |
| DALE DeBOER, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Plaintiff Disability Reinsurance Management Services, Inc.'s Motion for Summary Judgment" [doc. 5]. Defendant has not submitted a response to the motion, and the time allowed pursuant to the court's local rules has passed. E.D.TN. LR 7.1(a) ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Plaintiff has brought suit for unjust enrichment/restitution under the enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for overpayment of disability benefits to the defendant. For the reasons stated herein, the motion will be granted, and judgment in favor of the plaintiff will be entered.

I.

*Background*[1]

Defendant, an employee of The Keller Group d/b/a Institutional Jobbers, was covered by a long-term disability policy (the "Policy") issued by Fort Dearborn Life Insurance Company. Plaintiff is the claims administrator for claims and benefits paid under the Policy, which is governed by ERISA. Defendant became disabled under the terms of the policy and began receiving long-term disability ("LTD") benefits. The Policy provides that LTD benefits are reduced by "Other Income Benefits" that include Social Security ("SS") disability benefits. After plaintiff began making payments to the defendant under the Policy, defendant was awarded retroactive SS benefits effective August 1, 2002.

From October 19, 2001, until January 19, 2004, defendant was also receiving monthly disability benefits that were not reduced by the monthly SS benefits defendant received. During this time period, defendant received benefits totaling $35,460.03. Plaintiff asserts that this amount should have been reduced by the SS benefits, but it was not, resulting in an overpayment to the defendant of $22,955.77. From January 19, 2004, through July 19, 2004, the date the defendant's claim was closed, plaintiff applied defendant's net benefit of $50.00 per month to the overpayment, but an overpayment of $22,655.77 still remains. Defendant was notified in writing six times between January 26, 2004, and March 24, 2005, that based upon his SS benefits award he had been overpaid in his Policy benefits. Plaintiff

---

[1] The facts set out herein are taken from the complaint [doc. 1].

states that it has attempted to recover the amount of the overpayment from defendant, but defendant has refused to pay the amount.

As a result, this lawsuit was filed January 26, 2006. On February 14, 2006, defendant filed an answer *pro se* [doc. 3] that in its totality states:

> 1. Defendant admits being in receipt of benefits from 10/19/02 to 01/19/2004
> 2. Defendant denies owing Disability Reinsurance Management Services, Inc. the sum of $22,655.77 or any amount whatsoever.

II.

*Summary Judgment Standard*

As referenced above, defendant has not filed a response to plaintiff's motion for summary judgment. However, plaintiff's failure to respond is not itself sufficient grounds to grant the motion for summary judgment. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Stough v. Mayville Comty. Sch.*, 138 F.3d 612 (6th Cir. 1998). The court must at least examine the motion to determine whether the movant has discharged his initial burden of demonstrating the absence of a genuine issue of material fact. *Carver*, 946 F.2d at 454-55. The court has made such an examination and finds that summary judgment is appropriate.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharm., Ltd. v. Elder Pharm., Inc*., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id*. at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).

III.

*Analysis*

In support of its motion for summary judgment, plaintiff has submitted the declaration of Monica Girard, the Disability Claims Manager for plaintiff. In the declaration,

Girard testifies to the facts in the complaint, including an explanation of the amount of the remaining overpayment, $22,655.77. The declaration also verifies a copy of the Policy that includes the provisions on which plaintiff relies. Section IV of the Plan states that "other income" benefits are to be deducted from the amount of a monthly benefit, and that "other income" includes benefits under the SS Act. Section VI of the Policy contains a reimbursement clause that provides as follows:

> If LTD benefits have been over paid on any claim, it will be required that reimbursement be made to Fort Dearborn Life Insurance Company within 60 days, or Fort Dearborn Life Insurance Company has the right to reduce future benefits until such reimbursement is received. Fort Dearborn Life Insurance Company also has the right to recover such overpayment from the insured's estate.

Plaintiff has brought this action pursuant to the enforcement provision of ERISA, section 502(a)(3), 29 U.S.C. § 1132(a)(3). That provision states in pertinent part:

> A civil action may be brought –
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other *appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (emphasis added). The issue in this case is whether plaintiff in its effort to enforce the reimbursement provision of the Plan is seeking "appropriate equitable relief" or legal relief. Only if the relief sought is equitable in nature can this case proceed.

5

At the time the instant motion was filed, *QualChoice, Inc. v. Rowland*, 367 F.3d 638 (6th Cir. 2004) was the controlling law on this issue in the Sixth Circuit, and that case would likely have prevented this court from hearing plaintiff's case. *QualChoice* held that federal courts do not have jurisdiction to hear reimbursement actions similar to the instant case because the relief sought was legal and not addressable under § 1132(a)(3). However, since the filing of plaintiff's motion, the United States Supreme Court decided *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S. Ct. 1869 (2006) that specifically abrogates *QualChoice*.[2]

In *Sereboff*, an ERISA plan fiduciary sued beneficiaries under a health insurance plan for reimbursement of medical expenses paid by the plan when the beneficiaries had settled with third-party tortfeasors for their injuries. The health insurance plan had a third-party reimbursement provision. The Supreme Court held that the action to enforce the third-party reimbursement provision was an equitable remedy "because it [was] indistinguishable from an action to enforce an equitable lien established by agreement." *Id.* at 1877. Important to the Court's decision was the fact that the plan's third-party reimbursement provision "specifically identified a particular fund, distinct from the [beneficiaries'] general assets . . . and a particular share of that fund to which [the fiduciary] was entitled." *Id.* at 1875. Therefore, the fiduciary could maintain the action for

---

[2] The Supreme Court accepted the *Sereboff* case to address the split in the circuits regarding when an ERISA fiduciary "may sue a beneficiary for reimbursement of medical expenses paid by the ERISA plan, where the beneficiary has recovered for its injuries from a third party." *Sereboff*, 126 S. Ct. at 1872.

reimbursement because it was "appropriate equitable relief" under ERISA.

Since *Sereboff* was decided, there have been two cases that have dealt with the same issue presented here, the nature of a reimbursement action for the overpayment of disability benefits because the beneficiary was receiving SS disability benefits. In *Dillard's Inc. v. Liberty Life Assurance Company of Boston*, 456 F.3d 894 (8th Cir. 2006), the district court had awarded Liberty reimbursement of the overpayments made to the employee beneficiary who was receiving SS benefits. The Court found *Sereboff* analogous to the case before it because Liberty was seeking "reimbursement for amounts paid to [the employee beneficiary] from a third-party source, the Social Security Administration." *Id.* at 901. The Eighth Circuit therefore "affirm[ed] the district court's judgment on reimbursement for overpayments resulting from the receipt of Social Security benefits." *Id.*

In *Gilcrest v. Unum Life Insurance Co. of America*, No. 05-CV-923, 2006 WL 2251820 (S.D. Ohio Aug. 4, 2006), the long-term disability plan Unum had issued and under which Gilcrest received benefits called for the amount of any SS award to be subtracted from the benefits paid. Unum failed to subtract the amount of the SS payments and Gilcrest did not pay back the amount. When Gilcrest sued for among other things reinstatement of his long-term disability benefits, Unum asserted counterclaims for breach of contract and unjust enrichment. Gilcrest argued that because the amount at issue was not contained within an identifiable fund, Unum was seeking legal not equitable relief. Relying on *Sereboff* and *Dillard's*, the district court held that the relief Unum sought was equitable, and like the

7

insurance company in *Dillard's*, Unum was seeking "a particular share of a specifically identified fund; namely, the amount it overpaid Gilcrest by not subtracting his Social Security award." *Id*. at *3 (internal quotation marks omitted). The court therefore granted Unum's motion for summary judgment on its claims.

This case requires the same result. The relief the plaintiff seeks is equitable in nature and permissible under ERISA. The Plan calls for the deduction of SS benefits from the LTD benefits received under the Plan; thus, the plaintiff seeks a "specifically identified fund – all overpayments resulting from the payments of Social Security benefits." *Dillard's*, 456 F.3d at 901.

Accordingly, plaintiff has made the required showing to prevail on its motion for summary judgment, and the motion will be granted. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge